[Tagged]



**ORDERED in the Southern District of Florida on June 26, 2012.**

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                              CASE NO.: 11-45243-EPK

ISMAEL TELLES GARDUNO                       CHAPTER 13
and MARIA ESTHER GARDUNO,

    Debtors.
_____/

### ORDER OVERRULING DEBTORS' OBJECTION TO NOTICE OF PAYMENT CHANGE

THIS MATTER came before the Court for hearing on June 11, 2012 upon the *Objection to Notice of Payment Change on Claim #17, Filed on 4/04/12 by Bank of America, N.A.* [ECF No. 53] (the "Objection") filed by the Debtors in response to the *Notice of Mortgage Payment Change* (the "Notice") filed by Bank of America, N.A. (the "Bank"). In the Objection, the Debtors request an order striking and disallowing the Notice, and awarding attorney's fees in the amount of $700. For the reasons stated below, the Court overrules the Objection and denies the Debtors' request for an award of legal fees.

Fed. R. Bankr. P. 3002.1, which became effective on December 1, 2011, addresses the filing of notices of payment change in chapter 13 cases in connection with claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under section 1322(b)(5)[1] in the debtor's chapter 13 plan.  Local Rule 3070-1(B) extends Bankruptcy Rule 3002.1 to claims that are secured by a security interest on real property of the debtor other than the debtor's principal residence (including without limitation claims of condominium associations and homeowner's association) and that are provided for under section 1322(b)(5) in the debtor's plan.  The property that is subject to the mortgage addressed in the Notice is not the Debtors' principal residence.

Both Fed. R. Bankr. P. 3002.1 and Local Rule 3070-1(B) apply only where the claim in question is provided for under section 1322(b)(5) in the debtor's plan.  Section 1322(b)(5) permits a debtor to provide in the chapter 13 plan "for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due."  When the original maturity date of a pre-petition debt extends beyond the term of the chapter 13 plan, the debtor may rely on section 1322(b)(5) to cure existing defaults and continue regular payments on the claim.  *See In re Gilbert*, 2012 WL 1983338 (Bankr. S.D. Fla. 2012).  When using section 1322(b)(5), the debtor's chapter 13 plan must reflect maintenance of periodic payments to the creditor in the same amount as the debtor made pre-petition and, if there are any existing defaults, the plan must reflect repayment of such amounts in a reasonable time.  *Id.*

The Debtors' Third Amended Plan [ECF No. 57] (the "Plan") lists the Bank as a secured creditor but states that the Bank is to receive "$0.00."  This is the equivalent of

---

[1] Unless otherwise indicated, the terms "section" or "sections" used in this Order refer to a section or sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

2

leaving the Bank out of the Plan entirely. The Bank's claim is not "provided for under § 1322(b)(5) of the Code" within the meaning of Bankruptcy Rule 3002.1 and Local Rule 3070-1(B). Thus, neither Fed. R. Bankr. P. 3002.1 nor Local Rule 3070-1(B) apply.

Because neither Fed. R. Bankr. P. 3002.1 nor Local Rule 3070-1(B) apply to the Bank's claim in this case, the Bank gained nothing by filing the Notice. Failure to file the Notice would not have resulted in the Bank waiving any right it may have with regard to the Debtors or their property. Similarly, because the above-cited rules do not apply to the Bank's claim, the filing of the Notice did not trigger a need for the Debtors to respond.[2] If the Debtors had failed to respond to the Bank's Notice the Debtors would not have waived any right they may have with regard to the Bank's claim or lien. In short, neither the Notice nor the Objection were required under the Federal Rules of Bankruptcy Procedure or this Court's Local Rules and neither will be given any effect in this case.

The Bank filed the Notice in the good faith belief that failing to do so may prejudice its rights against the Debtors and/or their property. There is no cause for an award of attorney's fees in this case.

For the foregoing reasons, the Court **ORDERS AND ADJUDGES** that the Objection [ECF No. 53] is OVERRULED.

###

Copies Furnished To:

Andres Montejo, Esq.

*Andres Montejo, Esq. is directed to serve a copy of this Order on all appropriate parties and file a certificate of service with the Court.*

---

[2] The Court notes that Fed. R. Bankr. P. 3002.1(e) requires the debtor to respond by motion rather than by objection as was done here.